UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BROWN, VINCENT MCLAREN, PHILIP FIELDS, CARLOS BORGES CARREIRO, PATRICIA SHEA-SCANLON, DHARAM SAIHGAL, ELVIS BUTCHER, LARRY HOLT, SCOTT GORDON, MICHAEL RASHAD, LORENZO WILEY, JAMES BROWN, GERARDO AGUIRRE, KEVIN REAVES, MICHAEL KALINOWSKI, and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 08-CV-10689-NG |

**DEFENDANT UNITED AIR LINE INC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

**Preliminary Statement**

Defendant United Air Lines, Inc. ("Defendant" or "United") hereby moves to stay Plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23 ("Motion for Class Certification") pending the Court's ruling on Defendant's Motion to Dismiss, filed on August 13, 2008, because an affirmative ruling on United's Motion to Dismiss may eliminate <u>all</u> of Plaintiffs' claims.[1] As a result, if the Court grants Defendant's Motion to Dismiss, it will simply

---

[1] In this action, Plaintiffs challenge United's 2005 decision to unbundle the price of curbside baggage service at many airports and impose a $2 per-bag charge on passengers who elect to use this service. In the Amended Complaint, they assert three claims – a statutory claim based on the Massachusetts Tip Statute, Mass. Gen. L. c. 149, § 152A, and common-law claims for tortious interference with advantageous relations and unjust enrichment. In its Motion to Dismiss, United argues that all three claims are preempted by section 105 of the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1), and the Federal Aviation Act, 49 U.S.C. §§ 40101 *et seq.*, and its implementing regulations. Even if this Court were to hold that only some of the Plaintiffs' claims are preempted by federal law, the size and scope of the potential class at issue would change significantly.

1

be unnecessary for the court to consider Plaintiffs' Motion for Class Certification, which seeks to certify a broad nationwide class of individuals who have worked as skycaps for United (either directly or through a contractor) at airports at which a $2 per-bag fee has been charged for curbside check-in.[2] Neither the Court nor Defendant should undertake the burden and, in the case of United, the expense of addressing a motion to certify a class when that motion is based solely on claims that are the subject of a dispositive motion. Plaintiffs will suffer no prejudice as a result of a stay of the Motion for Class Certification, because filing a class action complaint tolls the statute of limitations for all named and unnamed plaintiffs. *See Fernandez v. Chardon*, 681 F.2d 42, 47 (1st Cir. 1982) ("as a matter of federal law, the filing of a class action will toll the statute of limitations for named and unnamed members of the class, and the statute will resume running when class certification is denied"). In contrast, United will suffer substantial harm if it is forced to expend the resources necessary to investigate and oppose Plaintiffs' motion, when that motion may soon become moot. Accordingly, unless the Court denies the Motion for Class Certification without the need for further briefing by United, Defendant requests that the Court stay its consideration of that motion until after it has ruled on United's Motion to Dismiss.[3]

## Argument

Courts have generally recognized that when a motion to dismiss and motion for class certification are pending contemporaneously, the court can and should decide the former before

---

[2] Plaintiffs only seek to certify a class (or sub-classes) for the pursuit of their common-law claims. They concede that they cannot meet the requirements of Rule 23 of the Federal Rules of Civil Procedure with respect to claims pursued under the Massachusetts Tips Law. Motion for Class Certification, p. 2 & n.2.

[3] Defendant reserves all arguments in opposition to the Motion for Class Certification, and requests that the Court permit it the opportunity to submit an opposition in the event that the instant Motion to Stay is denied.

addressing the latter.[4] *See Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2nd Cir. 1998) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiffs' claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion proceeds resolution of the issue of class certification.") (internal quotations omitted); *Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974) ("proceed[ing] directly to dismissal of the action . . . is the proper course to follow where the named plaintiffs have failed to state a claim in themselves for the relief they seek"); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 646 n.2 (S.D.N.Y. 2006) ("[courts] may properly consider a motion to dismiss prior to resolving the issue of class certification."); *Bublitz v. E.I. DuPont de Nemours & Co.*, 149 F. Supp. 2d 816, 821 (S.D. Iowa 2001) ("the Court believes the most prudent course of action is to go ahead and rule on the motions to dismiss now even though it has not ruled on class certification"); *see also Salois v. Dime Savings Bank of New York*, 128 F.3d 20 (1st Cir. 1997) (upholding a district court dismissal of a putative class action prior to ruling on class certification without specifically addressing the timing issue); *Lee v. Life Insurance Company of North America,* 23 F.3d 14 (1st Cir. 1994) (same). Following this case law, some courts have found it prudent to defer consideration of class certification even where a motion to dismiss has not yet been filed. *See Situ v. Leavitt*, 2006 WL 1530129 (N.D. Cal. 2006) (vacating

---

[4] Courts have also recognized that other dispositive motions, such as summary judgment motions, should be decided before class certification where both are pending contemporaneously. *See, e.g., Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474-76 (7th Cir. 1997) (deciding summary judgment before ruling on class certification is appropriate way to deal with potentially meritless litigation); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) ("[i]t is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation"); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001) (holding that where plaintiffs claims can be resolved on summary judgment district court should resolve merits before considering the issue of class certification); *see also Project Release v. Prevost*, 722 F.2d 960, 963 & n.2 (2d Cir. 1983) (deciding summary judgment even though there was no ruling on certification); *Pharo v. Smith*, 621 F.2d 656, 663-64 (5th Cir.) (same); *Vervaecke v. Chiles, Heider & Co.*, 578 F.2d 713, 719-20 (8th Cir. 1978); *Crowley v. Montgomery Ward & Co.*, 570 F.2d 877, 879 (10th Cir. 1978) (same); *Acker v. Provident National Bank*, 512 F.2d 729, 732 n.5 (3d Cir. 1975) (same).

plaintiffs' motion for class certification based upon stated intention of defendant, as noted in his memorandum opposing class certification, to file a motion to dismiss).

Indeed, judicial economy <u>requires</u> that courts resolve dispositive motions before ruling on class certification. *See* Manual for Complex Litigation, Fourth, § 21.133 (resolution of dispositive motions before class certification avoids "expense for the parties and burdens for the court and may minimize the use of the class action process for cases that are weak on the merits"). The Federal Judicial Center – the federal government agency specifically created by Congress to provide guidance to federal judges on complex issues and promote efficiency in the federal courts – counsels that, as a matter of practice, courts should rule on dispositive motions <u>before</u> ruling on class certification. *See* Rothstein & Willging, "Managing Class Action Litigation: A Pocket Guide for Judges," 6 (Federal Judicial Center, 2005) (noting that addressing dispositive motions prior to class certification allows district courts to avoid "wast[ing] time dealing with increasingly complicated class certification issues in meritless cases" and allows parties to "use information from early rulings on the merits to assess their prospects of success and to bargain or act accordingly").[5]

It is particularly inefficient to address class certification before a motion to dismiss where, as here, Plaintiffs seek to certify an extremely broad, nationwide class based solely on state common law claims. According to their Motion for Class Certification, Plaintiffs' proposed class includes employees of multiple different contractors working at all 130 airports in the United States at which Plaintiffs allege United operates. Motion for Class Certification, at p. 7. Notably, United does not charge a two dollar fee to use curbside check-in service at all U.S. airports and has different contractual relationships with vendors depending on particular airports.

---

[5] *Available at* http://www.fjc.gov/public/pdf.nsf/lookup/classgde.pdf/$file/classgde.pdf (last visited August 14, 2008).

4

Moreover, the proposed class includes individuals with common law claims under most, if not all, of the fifty states. Opposing Plaintiffs' Motion for Class Certification would require United to conduct an intensive and far-reaching factual investigation and research the law regarding unjust enrichment and tortious interference in dozens of states – an expensive and burdensome process that is simply not warranted until this Court addresses the viability of those claims.

If the Court dismisses Plaintiffs' Amended Complaint in its entirety, the Court will obviously not need to address Plaintiffs' Motion for Class Certification because it will be moot. *See, e.g., Salgado v. Piedmont Capital Corp.*, 534 F. Supp. 938, 952 (D.P.R. 1981) (concluding that it was unnecessary to rule on class certification where defendants were granted summary judgment); *Barcelo v. Brown,* 78 F.R.D. 531, 535 (D.P.R. 1978) (same); *García v. Rush-Presbyterian-St. Luke's Medical Center,* 80 F.R.D. 254, 260 (N.D. Ill. 1978) (same); *see also Board of School Commissioners v. Jacobs,* 420 U.S. 128 (1975); *Boyle v. Madigan,* 492 F.2d 1180 (9th Cir. 1974) (same). Clearly, judicial economy militates against consideration of Plaintiffs' Motion for Class Certification until such time as the Motion to Dismiss is adjudicated.

**Conclusion**

For the foregoing reasons, United respectfully requests that the Court stay Plaintiffs' Motion for Certification pending the Court's ruling on Defendant's Motion to Dismiss.

BO1 15937647.3

Respectfully submitted,

UNITED AIR LINES, INC.
By their Attorneys,

 /s/ C.J. Eaton
Brigitte Duffy (BBO # 565724)
C.J. Eaton (BBO # 660726)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

DATED: August 15, 2008

<div style="border:1px solid black">

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2008, a true copy of this document was filed through the Court's ECF system and that counsel for Plaintiff is a registered user of the ECF system designated to receive Notices of Electronic Filings generated by the ECF system in this matter.

 /s/ C.J. Eaton
C.J. Eaton

</div>