UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JOSEPH BROWN, VINCENT McLAREN,      )
PHILIP FIELDS, CARLOS BORGES        )
CARREIRO, PATRICIA SHEA-SCANLON,    )
DHARAM SIAHGAL, ELVIS BUTCHER,      )
LARRY HOLD, SCOTT GORDON,           )
MICHAEL RASHAD, LORENZO WILEY,      )
JAMES BROWN, GERARDO AGUIRRE,       )
KEVIN REAVES, MICHAEL KALINOWSKI,   )
and all others similarly situated,  )
                                    )   CIV. ACTION NO. 08-10689-NG
          Plaintiffs,               )
                                    )
     v.                             )
                                    )
UNITED AIR LINES, INC.,             )
                                    )
          Defendant.                )
_____ )

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF, OR IN THE ALTERNATIVE, INTERLOCUTORY APPEAL FROM, THE ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND TO STAY PROCEEDINGS**

Seeking an exception to the well-established rule that reconsideration should only be granted in "extraordinary circumstances" in order to correct a "manifest error of law," Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006), Defendant United Airlines, Inc. ("United"), has asked this Court to reconsider its order denying dismissal of this case for no reason other than its disagreement with the Court's decision. Alternately, United requests certification of the Court's order for interlocutory appeal—a process which, like reconsideration, is exceptional and applied only sparingly. See Carabello-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) ("[I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and

1

only in exceptional circumstances . . . "). Both of these requests are wholly unwarranted, and United's motion should be denied in its entirety.

United's motion for reconsideration merely rehashes old arguments already rejected by this Court and otherwise fails to provide any legitimate grounds for reconsideration. At bottom, United's latest filing is merely a second attack upon the continued viability of Judge William Young's decision in <u>DiFiore v. American Airlines, Inc.</u>, 483 F. Supp. 2d 121 (D. Mass. 2007), which United contends conflicts with <u>Rowe v. New Hampshire Motor Transp. Ass'n</u>, 128 S. Ct. 989 (2008), <u>Buck v. American Airlines, Inc.</u>, 476 F.3d 29 (1st Cir. 2007), and <u>Altria Group, Inc. v. Good</u>, 129 S. Ct. 538 (2008), and as such should not have served as the basis for this Court's order. Yet besides once again claiming that <u>DiFiore</u> is "wrong," United fails to identify any reason why this Court should reconsider its order. Indeed, as set forth below, none of the cases cited by United contradict <u>DiFiore</u>, in that each is factually and legally distinct from Judge Young's decision in that case. In essence United seeks reconsideration for no reason other than the fact that it disagrees with the premise of the Court's order, not because the Court misapprehended the law or manifestly erred in denying United's motion to dismiss. Such grounds do not suffice to merit reconsideration.

United also seeks, in the alternative to reconsideration, certification of the Court's order for interlocutory appeal. As with its arguments for reconsideration, however, United fails to identify any basis for obtaining immediate appellate review of this Court's order denying a motion to dismiss. United contends that there exists a "substantial ground for difference of opinion" with regards to the issue of whether the Massachusetts Tips Law is preempted by the ADA, but nothing could be further from the truth. There

exists no significant division of opinion either in this Circuit or among the federal Circuits generally concerning whether employees may bring employment- and wage-related claims against airlines such as United. In fact, the clear majority of jurisdictions have refused to find preemption of employment-related claims brought by airline employees. Here, Plaintiffs' suit is brought on behalf of employees alleging violation of a state wage law and similar common law claims. At least two courts in this *same district*, namely the district courts in DiFiore and LaRosa v. United Parcel Service, Inc., 23 F. Supp. 2d. 136 (D. Mass. 1998), have ruled that such claims are not preempted by the ADA. Thus, the only difference in opinion that exists in this case is United's difference of opinion with the Court's order. Interlocutory appeal based on United's mere dissatisfaction with the Court's decision would be wholly inappropriate.

## STANDARD OF REVIEW

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortgage, 465 F.3d at 30. In order to obtain such relief, the movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id. This is a markedly high standard which affords the district courts considerable leeway. See id. ("[W]e will not overturn the district court's denial of a motion for reconsideration absent an abuse of discretion"); Serrano-Perez v. FMC Corp., 985 F.2d 625, 628 (1st Cir. 1993) ("The district courts are necessarily afforded substantial discretion in ruling on motions for reconsideration"). Thus, motions for reconsiderations are "normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30.

**ARGUMENT**

**I.   THE COURT DID NOT MANIFESTLY ERR BY RELYING UPON <u>DIFIORE</u>, AND UNITED'S REPACKAGED ARGUMENTS TO THE CONTRARY TO NOT ENTITLE IT TO RECONSIDERATION OF THIS COURT'S ORDER.**

United's only argument in favor of reconsideration amounts to nothing more than an emphatic insistence that <u>DiFiore v. American Airlines</u>, 483 F. Supp. 2d. 121 (2007), is "bad law." According to United, <u>DiFiore</u> is inconsistent with three cases: <u>Rowe v. New Hampshire Motor Transp. Ass'n</u>, 128 S. Ct. 989 (2008), <u>Buck v. American Airlines, Inc.</u>, 476 F.3d 29 (1st Cir. 2007), and <u>Altria Group, Inc. v. Good</u>, 129 S. Ct. 538 (2008). United contends that these cases contradict <u>DiFiore</u>, and therefore this Court's decision, which is premised on <u>DiFiore</u>, is manifestly erroneous. If this argument seems familiar, it is because United advanced the same argument in its motion to dismiss and was defeated. (<u>See</u> Docket No. 13 at 11-13, "Memorandum of Law in Support of Defendant's Motion to Dismiss"). As a substantive matter, however, United's arguments for reconsideration are unavailing because neither <u>Rowe</u>, <u>Buck</u> nor <u>Altiar Group</u> applies to <u>DiFiore</u> or governs this case.

   **A.   United's motion for reconsideration merely recites arguments already made in its motion to dismiss, and should therefore be denied.**

United's motion for reconsideration merely rehashes arguments found in its motion to dismiss and does nothing to demonstrate that this Court erred in relying upon <u>DiFiore</u>. As it did in its motion to dismiss, United urges this Court to view <u>DiFiore</u> as "flawed" and "inapposite," but at bottom these claims evidence nothing more than United's disagreement with the Court's interpretation of the law. "Reconsideration" does not mean "re-argument." In order to obtain reconsideration, United must demonstrate

4

some manifest error or injustice, not simply repeat arguments which were previously found unsuccessful.  See Palmer, 465 F.3d at 30 (motion for reconsideration is "not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected"); Pastula v. Lane Const. Corp., 2006 WL 696254, at *1 (D. Me. 2006) ("A motion for reconsideration should not give the losing party the opportunity to simply reargue its losing points and authorities"), quoting Coffin v. Bowater, Inc., 2005 WL 3021979, at *1-*2 (D. Me. 2005) (internal quotations omitted).

United has failed to identify how this Court "manifestly erred" by relying upon a decision which addresses the same substantive facts, issues and arguments as those presented by Plaintiffs in this case.  Further, it has failed to identify any "manifest injustice" which will result from allowing this case to proceed beyond the initial round of pleadings.  The only possible error identified by United in its motion is this Court's reliance on DiFiore, which cannot by any measure be considered a manifest error of law warranting reconsideration.  As discussed in Section I.B, infra at 6, DiFiore is valid precedent that is not inconsistent with or contradicted by subsequent Supreme Court or First Circuit decisions.  Furthermore, it is well-established that the courts do not manifestly err when they find certain cases persuasive, even if the party seeking reconsideration contends that the cases in question are incorrect or inapplicable.  See Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 355 (M. D. Pa. 2001) (denying motion for reconsideration where movant "merely reargu[ed] his original position by attempting to distinguish cases that the court has already found persuasive"); Krim v. pcOrder.com, Inc., 212 F.R.D. 329, 332-333 (W.D. Tex. 2002) (denying motion for reconsideration; court did not manifestly err by relying on case which movant claimed

5

was later modified in en banc decision); PAM, S.P.A. v. U.S., 577 F. Supp. 2d 1318, 1321 (CIT 2008) (denying motion for reconsideration; court did not manifestly err by relying upon case which movant claimed was overruled by later Supreme Court decision); Solovy v. Federal Express Corp., 2008 WL 466130, at *2-*3 (N.D. Ill. 2008) (denying motion for reconsideration; court did not manifestly err by interpreting case law which it found persuasive); Tucker v. BNSF Ry. Co., 2008 WL 4532517, at *2 (E.D. Cal. 2008) (denying motion for reconsideration; court did not manifestly err having "carefully considered the merits of [movant's] case" and relied upon "established precedent"). Here, United has already argued that DiFiore should not be followed by this Court because it is purportedly contravened by Supreme Court and First Circuit opinions. The Court has already evaluated these arguments, however, and found DiFiore viable and persuasive. Thus, the Court clearly did not misapprehend the law or commit such an egregious error of judgment as to warrant reconsideration.

      **B.    Rowe and Buck have no application to DiFiore.**

United's argument that DiFiore is inconsistent with Rowe and Buck is simply incorrect, as both Rowe and Buck turn on facts that are wholly distinguishable from both DiFiore and the case at bar. Rowe was brought by a number of transport and carrier industry associations against the Maine Attorney General challenging a mandatory-disclosure and licensing law implemented by that state. See Rowe, 128 S. Ct. at 996. The Supreme Court held that the challenged law was preempted by the federal Motor Carrier Act for several reasons. Id. at 995. First, the Court found that the challenged law "focuse[d] on trucking and other motor carrier services . . . thereby creating a direct 'connection' with motor carrier services." Id. Second, the Court found that the statute

6

had "a 'significant' and adverse 'impact' in respect to the federal Act's ability to achieve its pre-emption-related objectives" because it would have required the plaintiffs to "offer a system of services that the market does not now provide," and would "freeze into place services that carriers might prefer to discontinue in the future." Id.

Buck, meanwhile, was brought by purchasers of airline tickets that were never used against American Airlines in an attempt to recover various nonrefundable fees that had been collected as part of original ticket prices. See Buck, 476 F.3d at 31-32. The First Circuit, ruling that the plaintiffs' claims were preempted by the ADA, held that allowing the plaintiffs' action to proceed "would impact base fares" because the fees charged by American Airlines "are inextricably intertwined" with base ticket fares, in that "an air traveler's concern is with the overall cost of his or her ticket," which included such things as nonrefundable surcharges. Id. at 35-36.

By contrast, both this case and DiFiore involve challenges by employees for violations of state wage law and similar common law violations. Thus, unlike both this case and DiFiore, neither Rowe nor Buck involved workers' wages (here, tips)—an area of state law that has traditionally fallen outside the preemptive ambit of the ADA and which Congress never intended to preempt when it enacted that statute. Moreover, Rowe involved a direct challenge to the very existence of a state law, and Buck turned on passengers' claims that American Airlines could not retain any sort of fee for unused tickets. Again by contrast, the plaintiffs in DiFiore and Plaintiffs in this case challenge the manner in which a fee has been imposed—misleadingly appearing to be their tip—not the existence of the fee as a general matter of airline practice or policy. And unlike the plaintiffs in Rowe and Buck, the plaintiffs in DiFiore did not claim that the

7

Massachusetts Tips Law prohibited American Airlines from charging customers any fee for curbside check-in. Instead, the DiFiore plaintiffs argued that American Airlines could not charge its customers a fee for curbside check-in in a manner which was deceptive and misleading so as to appear to be the skycaps' tip, which thus deprived the skycaps of their wages (tips, or perceived tips) owed under state law.[1] Thus, Rowe and Buck have no bearing on DiFiore, and this Court did not manifestly err by denying United's motion to dismiss.

> **B.    DiFiore is consistent with Altria Group, wherein the Supreme Court declined to find preemption of state-law claims "that are predicated on the duty not to deceive."**

United cites the Supreme Court's recent ruling in Altria Group for the proposition that the ADA's preemptive scope is unusually broad, but its reliance on that case is misplaced. Indeed, in Altria Group, the Supreme Court declined to find preemption in that case, appearing to signal the Supreme Court's desire to shift away from finding preemption of every manner of state-law claims that could conceivably fall within the ambit of a comprehensive federal statute.

Altria Group involved a claim by smokers under the Maine Unfair Trade Practices Act ("MUTPA"), who brought suit against the defendant tobacco companies on grounds that they had "fraudulently advertised that their 'light' cigarettes delivered less tar and nicotine than regular brands." Altria Group, 129 S. Ct. at 539-540. The defendants moved to dismiss, claiming that the plaintiffs' MUTPA claim was preempted by the

---

[1] United insists that Buck should control this case, and that this Court erred by ruling otherwise, because "[P]laintiffs' claims indisputably 'refer to' an airline's prices (as well as its 'services') because they would predicate liability on an airline's decision to impose a $2 fee for the service of curbside baggage check-in." (Def.'s Mot. at 7). This is incorrect. It bears repeating that Plaintiffs do not seek to prohibit United from offering curbside baggage check-in or charging a fee for that service. Instead, Plaintiffs contend that United cannot benefit by imposing and retaining an intentionally-misleading fee that deceives customers into believing they are paying a tip or gratuity to the skycaps.

8

Federal Cigarette Labeling and Advertising Act ("Labeling Act").  Id. at 547.  The Supreme Court ultimately rejected the defendants' position, however, and determined that the Labeling Act did not preempt the plaintiffs' MUTPA claim.  Id. at 551.

Notably, the only discussion of ADA preemption that arose in Altria Group consisted of the Court's comparison of the ADA to the Labeling Act.  In support of their motion to dismiss, the defendants drew comparisons between the Labeling Act and the ADA as it was construed by the Court in American Airlines v. Wolens, 513 U.S. 219 (1995), and Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992).  The Court rejected this analogy, however, reasoning that the ADA's preemption language is, unlike the language contained the Labeling Act, "unusually" broad and "indicates Congress's intent to preempt a large area of state law."  Id. at 548.  Because the Labeling Act used less expansive language than the ADA, the Court held, it would not be interpreted as foreclosing the plaintiffs' state-law claim.  Id.

Properly contextualized, it is clear that Altria Group has no bearing on DiFiore.  Simply put, the Supreme Court declined to find preemption of the plaintiffs' claims in Altria Group despite acknowledging that their claims would most likely implicate damages based on their health, and despite acknowledging that the FTC's regulations may occasionally regulate tobacco advertising—two areas that are governed by the Labeling Act.  In the words of the Supreme Court, the Labeling Act's preemptive scope was not so broad as to "pre-empt state-law claims like respondents' that are predicated on the duty not to deceive."  Id. at 551.  Moreover, the *dicta* relied upon by United— namely, that the ADA's preemptive scope is unusually broad and indicates a legislative intent to preempt a large area of state law—is a mere restatement of an obvious

9

proposition that was as true when DiFiore was decided as it is true today. Indeed, neither party to this action disputes that the ADA's preemptive scope is broad. What is in dispute is whether the ADA's preemptive scope is so broad that it forecloses even state wage law claims. Altria Group does not address *that* narrower issue in any way, and is therefore irrelevant with respect to DiFiore. Accordingly, Altria Group cannot be said to contradict DiFiore or cast serious doubt upon the propriety of this Court's order, and United's motion for reconsideration should be denied.

## II.    INTERLOCUTORY APPEAL IS INAPPROPRIATE GIVEN THAT THE ONLY "DIFFERENCE OF OPINION" IN THIS CASE IS UNITED'S DISAGREEMENT WITH THE COURT.

As with reconsideration, "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances . . . " Carabello-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). "As a general rule, [the courts of this Circuit] do not grant interlocutory appeals from a denial of a motion to dismiss." Id. This rule reflects a strong "policy preference against piecemeal litigation." Id.; Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64, 67 (D.R.I. 1988) ("Generally, federal law abhors piecemeal appeals disputing interlocutory district court orders").

Here, United has not identified a single aspect of this Court's order denying its motion to dismiss that warrants immediate appellate intervention. United contends that there is "substantial ground for difference of opinion" concerning whether Plaintiffs' state and common law claims, brought by workers seeking vindication of their wage rights, are preempted by the ADA. (Def.'s Mot. at 10). Yet there is no substantial difference of opinion on this issue among the courts of this Circuit—or even this district—concerning whether state-law wage claims brought by airline employees are preempted by the

10

ADA. On at least two separate occasions, the district courts for Massachusetts have concluded that the ADA does not preempt claims brought under state employment laws. See DiFiore, 483 F. Supp. 2d at 126 (D. Mass. 2007) (holding that ADA does not preempt the Massachusetts Tips Law); LaRosa v. United Parcel Service, Inc., 23 F. Supp. 2d. 136 (D. Mass. 1998) (ADA does not preempt state age and disability discrimination laws). Indeed, as shown in Plaintiffs' opposition to United's motion to dismiss, there is not even a substantial difference opinions among other Circuits concerning whether the ADA preempts claims brought by airline employees seeking to enforce state employment laws.[2] Thus, given that the Court's order was premised on clear precedent, and in light of the exceptional nature of interlocutory relief, an interlocutory appeal is clearly inappropriate. U.S. ex rel. LaValley v. First Nat. Bank of Boston, 1990 WL 112285, at *5 (D. Mass. 1990) (the court "should not be bashful about refusing to find substantial reason to question [its] ruling of law" warranting interlocutory appeal, where such relief is "exceptional" and there exists "persuasive precedent" on the issue), quoting Wright, A. Miller, E. Cooper & E. Gressman, 16 Federal Practice & Procedure § 3930 at 157 (1977); Carabello-Seda, 395 F.3d at 9 ("The fact that two

---

[2]    See, e.g., Gary v. Air Group, Inc., 397 F.3d 183, 190 (3rd Cir. 2005) (state law whistleblower claim not preempted by ADA); Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1262 (11th Cir. 2003) (same); Air Transport Ass'n of America v. City and County of San Francisco, 266 F.3d 1064, 1072 (9th Cir. 2001) (city ordinance prohibiting discrimination in assignment of employee benefits not preempted by ADA); Wellons v. Northwest Airlines, Inc., 165 F.3d 493, 495 (6th Cir. 1999) (state law racial discrimination claim not preempted); Californians for Safe & Competitive Dump Truck Transp. v. Mendonca, 152 F.3d 1184, 1189 (9th Cir. 1998) (prevailing wage law enacted in only seven states at time of suit not preempted by Federal Aviation Administration Authorization Act); Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1466 (11th Cir. 1998) (state anti-age discrimination law not preempted by ADA); Aloha Islandair Inc. v. Tseu, 128 F.3d 1301 (9th Cir. 1997) (employee disability discrimination claim not preempted); Abdu-Brisson v. Delta Airlines, Inc., 128 F.3d 77, 84 (2nd Cir. 1997) (same); Anderson v. American Airlines, Inc., 2 F.3d 590, 598 (5th Cir. 1993) (state anti-retaliation law not preempted by ADA); Santoni Roig v. Iberia Lineas Aereas de Espana, 688 F. Supp. 810, 817-818 (D.P.R. 1988) (local minimum wage and overtime laws not preempted by the ADA).

11

other district courts in [the same district] have arrived at a similar holding . . . supports a finding that no 'substantial ground for difference of opinion' exists").

In addition, the fact that interlocutory appeal could potentially "spare the parties, and this Court, from the considerable waste of time and resources that would result if this case were to proceed to trial and the First Circuit were then to conclude that plaintiffs' claims are preempted" does not, as United contends, make this issue ripe for certification to the Court of Appeals. (Def.'s Mot. at 10). Yet the First Circuit has clearly and unequivocally held that interlocutory appeal of a denied motion to dismiss is not rendered appropriate merely by the "'fact that appreciable trial time may be saved is not determinative'," or "the fact that the case has 'tremendous implications' or 'might materially advance the ultimate termination of the litigation'." Carabello-Seda, 395 F.3d at 9, quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986), and Slade v. Shearson, Hammill & Co., Inc., 517 F.2 398, 400 (2d Cir. 1974). Thus, United's attempts to appeal to the Court's sense of efficiency is misplaced and does nothing to advance its argument in favor of interlocutory certification.

Simply put, the only difference of opinion presented by United's preemption argument is a difference of opinion between itself and the Court. Efficiency, fairness and finality all dictate that interlocutory appeal be denied and that this case proceed in the district court. See, e.g., U.S. ex rel. McDermott v. Genentech, Inc., 518 F. Supp. 2d 289, 292 (the purpose of "certification of interlocutory appeals is to give litigants an opportunity to clarify a decisive issue of law . . . not to challenge controlling authority because a litigant has a different opinion").

## CONCLUSION

Beyond reiterating arguments it has already made and highlighting the difference of opinion that exists between it and the Court, United has identified no reason why the Court's order denying its motion to dismiss should be reconsidered or certified for interlocutory appeal. Accordingly, Plaintiffs respectfully request that this Court deny United's motion for reconsideration or, in the alternative, interlocutory appeal in its entirety.

                                        Respectfully submitted,
                                        JOSEPH BROWN, VINCENT McLAREN, PHILIP FIELDS, CARLOS BORGES CARREIRO, PATRICIA SHEA-SCANLON, DHARAM SIAHGAL, ELVIS BUTCHER, LARRY HOLD, SCOTT GORDON, MICHAEL RASHAD, LORENZO WILEY, JAMES BROWN, GERARDO AGUIRRE, KEVIN REAVES, MICHAEL KALINOWSKI,

By their attorneys,

  /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
DATED: April 28, 2009            (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2009, I caused a copy of this document to be served by electronic filing on all counsel of record.

  /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

13